SEYFARTH SHAW LLP
John G. Yslas (SBN 187324)
jyslas@seyfarth.com
Zaher Lopez (SBN 272293)
zlopez@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

SEYFARTH SHAW LLP
J Stanton Hill (admitted *pro hac vice*)
shill@seyfarth.com
1075 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30309
Telephone:   (404) 704-9657
Facsimile:    (404) 724-1600

Attorneys for Defendant
UNITED PARCEL SERVICE CO.

LYON LAW PC
Geoffrey C. Lyon (SBN 132747)
glyon@lyonlawyer.com
Stephen Young (SBN 211682)
syoung@lyonlawyer.com
10960 Wilshire Boulevard, Suite 820
Los Angeles, California 90024
Telephone:   (310) 818-7700

Attorneys for Plaintiff
GARY MEDELLIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MEDELLIN,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE CO.; and<br>DOES 1 to 10, inclusive,<br><br>          Defendants. | Case No. 2:20-cv-01987-PSG(SKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Los Angeles County Superior Court Case No. 20STCV03503]<br><br>Complaint Filed:      January 28, 2020 |

1.   PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   GOOD CAUSE STATEMENT

This action may involve medical records of the plaintiff and his wife  and other valuable financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, medical, private, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end

of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. It is the intent of the parties to minimize the need for filing information under seal and, in accordance with the procedures set forth in Civil Local Rule 79-5(d), to attempt to eliminate or minimize the need to file under seal by means of redaction.

3.     DEFINITIONS

3.1 <u>Action</u>: This pending federal lawsuit, titled *Gary Medellin v. United Parcel Service Co., and Does 1 to 10, inclusive*, Case No. 2:20-cv-01987-PSG(SKx).

3.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

3.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order

1  must be clearly so designated before the material is disclosed or produced.

2          Designation in conformity with this Order requires:

3          (a) for information in documentary form (e.g., paper or electronic documents, but

4  excluding transcripts of depositions or other pretrial or trial proceedings), that the

5  Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

6  "CONFIDENTIAL legend"), to each page that contains protected material. If only a

7  portion or portions of the material on a page qualifies for protection, the Producing Party

8  also must clearly identify the protected portion(s) (e.g., by making appropriate markings

9  in the margins).

10          A Party or Non-Party that makes original documents available for inspection need

11  not designate them for protection until after the inspecting Party has indicated which

12  documents it would like copied and produced. During the inspection and before the

13  designation, all of the material made available for inspection shall be deemed

14  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

15  copied and produced, the Producing Party must determine which documents, or portions

16  thereof, qualify for protection under this Order. Then, before producing the specified

17  documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

18  that contains Protected Material. If only a portion or portions of the material on a page

19  qualifies for protection, the Producing Party also must clearly identify the protected

20  portion(s) (e.g., by making appropriate markings in the margins).

21          (b) for testimony given in depositions, that the Designating Party identify the

22  Disclosure or Discovery Material on the record, before the close of the deposition all

23  protected testimony.

24          (c) for information produced in some form other than documentary and for any

25  other tangible items, that the Producing Party affix in a prominent place on the exterior of

26  the container or containers in which the information is stored the legend

27  "CONFIDENTIAL." If only a portion or portions of the information warrants protection,

28  the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.*

7.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually

1  agreed upon by any of the parties engaged in settlement discussions.

2  9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

3          OTHER LITIGATION

4          If a Party is served with a subpoena or a court order issued in other litigation that

5  compels disclosure of any information or items designated in this Action as

6  "CONFIDENTIAL," that Party must:

7          (a) promptly notify in writing the Designating Party. Such notification shall

8  include a copy of the subpoena or court order;

9          (b) promptly notify in writing the party who caused the subpoena or order to issue

10 in the other litigation that some or all of the material covered by the subpoena or order is

11 subject to this Protective Order. Such notification shall include a copy of this Stipulated

12 Protective Order; and

13         (c) cooperate with respect to all reasonable procedures sought to be pursued by the

14 Designating Party whose Protected Material may be affected.

15         If the Designating Party timely seeks a protective order, the Party served with the

16 subpoena or court order shall not produce any information designated in this action as

17 "CONFIDENTIAL" before a determination by the court from which the subpoena or

18 order issued, unless the Party has obtained the Designating Party's permission. The

19 Designating Party shall bear the burden and expense of seeking protection in that court of

20 its confidential material and nothing in these provisions should be construed as

21 authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive

22 from another court.

23 10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

24         IN THIS LITIGATION

25         (a) The terms of this Order are applicable to information produced by a Non-Party

26 in this Action and designated as "CONFIDENTIAL." Such information produced by

27 Non-Parties in connection with this litigation is protected by the remedies and relief

28 provided by this Order. Nothing in these provisions should be construed as prohibiting a

Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

1    such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
2    that is attached hereto as Exhibit A.

3    12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
4           PROTECTED MATERIAL

5           When a Producing Party gives notice to Receiving Parties that certain inadvertently
6    produced material is subject to a claim of privilege or other protection, the obligations of
7    the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.
8    This provision is not intended to modify whatever procedure may be established in an e-
9    discovery order that provides for production without prior privilege review. Pursuant to
10   Federal Rule of Evidence 502(d) and incorporated into this order under Federal Rule of
11   Evidence 502(e), the privilege or protection applicable to any inadvertently produced
12   material is not waived by disclosure connected with the litigation pending before the
13   court — in which event the disclosure is also not a waiver in any other federal or state
14   proceeding.

15   13.    MISCELLANEOUS

16          13.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person
17   to seek its modification by the Court in the future.

18          13.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective
19   Order no Party waives any right it otherwise would have to object to disclosing or
20   producing any information or item on any ground not addressed in this Stipulated
21   Protective Order. Similarly, no Party waives any right to object on any ground to use in
22   evidence of any of the material covered by this Protective Order.

23          13.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected
24   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed
25   under seal pursuant to a court order authorizing the sealing of the specific Protected
26   Material at issue. If a Party's request to file Protected Material under seal is denied by the
27   court, then the Receiving Party may file the information in the public record unless
28   otherwise instructed by the court.

14.     FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section.

15.     CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure Rule 26(c)(1), the parties certify that they have conferred in good faith in crafting this Proposed Protective Order so that it is narrowly tailored to the issues present in this lawsuit.

16.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: April 24, 2020                    LYON LAW PC


                                          By:  */s/  Geoffrey Lyon*
                                               Geoffrey C. Lyon
                                               Stephen Young
                                               Attorneys for Plaintiff
                                               GARY MEDELLIN



DATED: April 24, 2020                    SEYFARTH SHAW LLP


                                          By:  */s/  Zaher Lopez*
                                               John G. Yslas
                                               J Stanton Hill
                                               Zaher Lopez
                                               Attorneys for Defendant
                                               UNITED PARCEL SERVICE CO.

        I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

*/s/ Zaher Lopez*

  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:    April 28, 2020                 _____
                                         Honorable Steve Kim
                                         United States Magistrate Judge

---

STIPULATED PROTECTIVE ORDER

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Gary Medellin v. United Parcel Service Co., and Does 1 to 10, inclusive*, Case No. 2:20-cv-01987-PSG(SKx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of_____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____